IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BETTY HUMPHREY                                                              PLAINTIFF

VS.                                   NO. 4:16-CV-0036-SWW

CENTERS FOR YOUTH AND FAMILIES, INC.,                          DEFENDANT

## PROPOSED AMENDED COMPLAINT

Now comes the Plaintiff, Betty Humphrey, by and through her attorney, Simmons S. Smith, and, for her Amended Complaint against the Defendant, Centers for Youth and Families, Inc., states as follows:

### INTRODUCTION

This is an action to redress employment discrimination based upon race (African-American), and age (Plaintiff is over the age of forty (40); for a permanent injunction prohibiting the Defendant, Centers for Youth and Families, Inc., from engaging in policies and practices alleged herein in violation of Title VII of the Civil Rights (as amended by the Civil Rights Act of 1991), 42 U. S. C. Section 2000e, et. seq., and, the Arkansas Civil Rights act of 1993, A. C. A. Section 16-123-101, et. seq.

"Exhibit A"

The Plaintiff, Betty Humphrey, seeks compensatory and punitive damages, liquidated damages, prejudgment and post-judgment interest; restoration of job and job benefits, duties responsibilities taken away from her when she was constructively fired from her job as a service coordinator/case manager/mental health technician with the Centers for Youth and Families, Inc., on September 5, 2014.; reasonable attorney's fees, cost and expenses, and any and all other relief to which the Plaintiff, Betty Humphrey, is entitled as the victim of race and age discrimination. As a direct result of the discriminatory treatment alleged above and herein, the Plaintiff, Betty Humphrey, suffered damages, including, but not limited to, loss of wages, job benefits, and, damages for humiliation, embarrassment, stress and anxiety, for which the Plaintiff, Betty Humphrey, seeks relief as set forth in the Complaint.

JURISDICTION

1.     That the jurisdiction of this Court is invoked pursuant to 28 U. S. C. Sections 1221, 1343 (3) and (4), and, 42 U. S. C. Section 2000(e), et. seq.; that the Plaintiff, Betty Humphrey, also seeks a permanent injunction and a declaratory judgment under 28 U. S. C. Sections 2201 and 2202, declaring that the Defendant, Centers for Youth and Families, Inc., discriminated against her in the terms and conditions of her employment. This Court also has jurisdiction over the Plaintiff's

claims under the Arkansas Civil Rights Act pursuant to the plenary powers of this Court to invoke its pendent jurisdiction over the causes of action arising under the laws of the State of Arkansas.

2.      Venue herein is proper under 28 U. S. C. Section 1391 (b) and 42 U. S. C. Section 2000e – 5 (f) (3), and the alleged unlawful employment practices were committed within the State of Arkansas in the Eastern District of the United States District Court for the State of Arkansas.

3.      That the Plaintiff, Betty Humphrey, filed a timely Charge of Discrimination, together with a Supplement to the EEOC Charge of Discrimination, with the Equal Employment Opportunity Commission (EEOC) alleging race and age discrimination on March 3, 2015, a copy of that Charge No. 493-2015-00637, is attached hereto as "Exhibit "A", and incorporated herein by reference as if set out word for word.

4.      That the Equal Employment Opportunity Commission (EEOC) issued to the Plaintiff, Betty Humphrey, a Dismissal and Notice of Rights advising of the right to bring a lawsuit in federal and/or state court on October 26, 2015, and, a copy of the Dismissal and Notice of Rights, Notice of Suit Rights issued to the Plaintiff, Betty Humphrey, is attached to this Complaint as "Exhibit "B", and incorporated herein by reference as if set out word for word.

5.     That the Plaintiff, Betty Humphrey, timely filed her lawsuit in the United States District Court of the Eastern District of Arkansas, Western Division, on Monday, January 25, 2016, in Little Rock, Arkansas.

PARTIES

6.   That the Plaintiff, Betty Humphrey, was at all times relevant hereto a citizen of the United States of America and was a resident of Pulaski County, Arkansas; that the Plaintiff, Betty Humphrey, is an African-American female of the age of fifty-seven (57) at the time of the incident(s) complained of herein and is presently of the age of fifty-nine (59); consequently, the Plaintiff, Betty Humphrey, is a protected person within the meaning of Title VII, 42 U. S. C. Section 2000e, et. seq., and, the Arkansas Civil Right Act.

7.     That the Defendant, Centers for Youth and Families, Inc., is a 501(c)(3) charitable, non-profit organization operating in the State of Arkansas, and is in good standing with  the State of Arkansas with its official location being located at Suite 101, 5800 W. 10th St., Little Rock, Arkansas; has approximately Five Hundred (500), more or less, employees; is a person within the meaning of 42 U. S. C. Section 2000e (a), and, an employer within the meaning of 42 U. S. C. Section 2000e (b);

8.     That the Doug Stadter is the President and Chief Executive Officer for The Centers for Youth and Families, and is responsible for day to day operation of The Center for Youth and Families,

9.     That the Jill Sanden, is Human Resources Director, who was present in the conference room where the Plaintiff, Betty Humphrey, was forced to resign, and, Jill Sanden, allowed Tim Bearshires, a white male, who held the title of Risk Manager for The Centers for Youth and Families, to menace, harass, and intimidate the Plaintiff, Betty Humphrey, on the day of her termination to the extent that the Plaintiff, Betty Humphrey, due to the actions of Tim Bearshires and other employees who were present at her firing that the Plaintiff, Betty Humphrey, was forced to sign her "resignation" on a sheet from a lined notepad which the Defendants had on the conference room table where her firing took place, such actions not taking place with any other white employees and/or employees above the age of forty (40) years.

## STATEMENT OF FACTS

10.    That the Plaintiff, Betty Humphrey, was hired as a Mental Health/Rehabilitation Therapist on April 2, 1982; and, was promoted to eventually become a Teacher Assistant/Case Manager/Service Coordinator/ Mental Health Technician.

11.   That throughout the Plaintiff's employment history with the Defendant, Centers for Youth and Families, Inc., the Plaintiff, Betty Humphrey, received and met all of the requirements necessary to perform her job duties and met, if not exceeded, the job's duties and requirements at each of her evaluations.

12.   That in her job with the Centers for Youth and Families, Incorporated, the Plaintiff, Betty Humphrey, worked with children averaging between ages of six (6) and twelve (12); that the children averaged One Hundred pounds (100 lbs.) in weight; and that the children averaged 4' 10'' in height.

13.   That the Plaintiff, Betty Humphrey, weighs approximately eighty five (85) pounds, and, is four feet and eleven inches (4' 11") in height.

14.   That in the middle of August, 2014, a Black male client of the Center for Youth and Families, Incorporated, and other children were throwing rocks at each other on the play ground; that the Black male client which verbally demonstrated aggression toward the Plaintiff, Betty Humphrey, was struck in the forehead with a rock outside on the playground; that because of the rock throwing, the Plaintiff, Betty Humphrey, took the children under her direct supervision from the play ground to the EMCC Building and seated her children in a classroom in the EMCC Building; that the Black male client involved in an alleged illegal hold came in the classroom ahead of the staff who was supposed to be supervising the Black male client with one arm under his shirt; that the Plaintiff, Betty Humphrey,

directed the Black Male client to sit in the rear front of the classroom; that the Black male client stated "I am not sitting no "M.....F......" where you old "A..." "B...."; that the Plaintiff, Betty Humphrey redirected the Black Male client; that the Black Male client came toward the Plaintiff, Betty Humphrey, and the Black Male client told the Plaintiff, Betty Humphrey, that he would hit her in her "M...F......" face if the Plaintiff, Betty Humphrey, did not move; that the Black male client approached the Plaintiff, Betty Humphrey, and attempted to strike the Plaintiff, Betty Humphrey; that the Plaintiff, Betty Humphrey, grabbed the Black male client around his arms and waist to prevent him from hitting her; that both fell to the ground, and, the Plaintiff, Betty Humphrey, was able to get atop the Black male client and hold him until the Black male client agreed to not hit the Plaintiff, Betty Humphrey; that the actions of the child caused the Plaintiff, Betty Humphrey, to be placed in fear of her own safety and the safety of other students and her co-workers causing her to respond as she did; that in response to the child's actions, the Plaintiff, Betty Humphrey, executed a hold to subdue the minor child in a manner that was warranted under the circumstances of the situation with the child who was causing the exigent and dangerous situation.

15.     That as a result of the aforementioned actions, the Plaintiff, Betty Humphrey, was forced to resign from employment with the Centers for Youth and Families, Incorporated, as outlined below.

16.     That the Defendant, Centers for Youth and Families, Incorporated, through its agents and employees, Doug Stadter, President and Chief Executive Officer of Centers for Youth and Families, in his capacity as President and Chief Executive Officer of Centers for Youth and Families, Inc., and Jill Sanden, Human Resources Director, in her capacity as Human Resources Director, has discriminated against the Plaintiff, Betty Humphrey, in that in late August, 2014, the Plaintiff, Betty Humphrey, was advised by her supervisor, Judy Eubanks, in a telephone call that the Plaintiff, Betty Humphrey, did an illegal hold and the telephone call would serve as the Plaintiff, Betty Humphrey's, verbal warning; that after approximately fifteen (15) minutes, Judy Eubanks, called the Plaintiff, Betty Humphrey, again and informed the Plaintiff, Betty Humphrey, that Melissa Dawson, the Chief Operating Officer of the Centers for Youth and Families, Incorporated, had informed  Judy Eubanks that she, Judy Eubanks, would have to meet with the Plaintiff, Betty Humphrey, in person to give the verbal warning; that a few days passed, and, Judy Eubanks, set a time for the Plaintiff, Betty Humphrey, to meet with Judy Eubanks to give the verbal warning regarding the alleged illegal hold; that Judy Eubanks met with the Plaintiff, Betty Humphrey, outside of the EMCC Building on the sidewalk and Judy Eubanks talked to the Plaintiff, Betty Humphrey, for less than two (2) minutes and Judy Eubanks then stated she would send the verbal warning to the Plaintiff, Betty Humphrey's, laptop's e-mail; that

the verbal warning never came to the Plaintiff, Betty Humphrey's, laptop e-mail to sign; that later that evening, the Plaintiff, Betty Humphrey, called Judy Eubanks regarding the fact that the e-mail with the verbal warning had not been received; that Judy Eubanks informed the Plaintiff, Betty Humphrey, that the Plaintiff, Betty Humphrey, would have to go to Human Resources located at the Medical Towers Building, 5800 W. 10th St., Little Rock, Arkansas, to obtain a copy of the verbal warning; that at that time, the Plaintiff, Betty Humphrey, questioned Judy Eubanks as to why Judy Eubanks did not herself give the written verbal warning to the Plaintiff, Betty Humphrey; that Judy Eubanks reiterated that the Plaintiff, Betty Humphrey, would have to go to Human Resources to obtain a copy of the verbal warning; that the verbal warning initially discussed would come to the Plaintiff, Betty Humphrey's, laptop; the e-mail never came to the Plaintiff, Betty Humphrey's, laptop for Betty Humphrey to sign and return to Judy Eubanks to sign and forward to Human Resources; that the Plaintiff, Betty Humphrey, repeatedly called Judy Eubanks for the verbal warning for the Plaintiff, Betty Humphrey, to sign, but Judy Eubanks never sent the verbal warning to the Plaintiff, Betty Humphrey's, laptop e-mail; that a couple of weeks later, the Plaintiff, Betty Humphrey, was attending a funeral with five (5) clients of the Center for Youth and Families, Incorporated, whose Mother had passed away with cancer when the Plaintiff, Betty Humphrey, received a telephone call from Judy

Eubanks instructing  the Plaintiff, Betty Humphrey, to come the Medical Tower Building where Human Resources was located, but Judy Eubanks would not reveal the reason for the meeting; that the Plaintiff, Betty Humphrey, was at the graveyard where the clients' Mother was being buried, and, the Plaintiff, Betty Humphrey, was instructed to leave the funeral immediately and come to the Human Resources Office; that Judy Eubanks subsequently called the Plaintiff, Betty Humphrey, on her cell phone and set the time for meeting at the Human Resources' Office for one o'clock (1:00 p. m.), a time later than previously ordered; that upon arriving, the Plaintiff, Betty Humphrey, realized that Jill Sanden, the Human Resources Director; Judy Eubanks, Betty Humphrey's supervisor, and, Tim Bearshires, Risk Management, were present; that the Plaintiff, Betty Humphrey, was asked to sit beside Tim Bearshires to watch a video of the alleged illegal hold; that when the Plaintiff, Betty Humphrey, began to explain what happened Tim Bearshires began to scream and yell at the Plaintiff, Betty Humphrey; that Judy Eubanks, a Black female, intervened and stopped Tim Bearshires from yelling at the Plaintiff, Betty Humphries; that Judy Eubanks informed the Plaintiff, Betty Humphrey, that the decision had already been made to fire the Plaintiff, but that she, the Plaintiff, Betty Humphrey, could either resign and/or be fired; that the Plaintiff, Betty Humphrey, did not want to resign or be fired; that Jill Sanden, Human Resources Director, tore a sheet of paper off of a white legal pad in front the Plaintiff, and,

told the Plaintiff, Betty Humphrey, exactly what to write on the sheet of paper; that

after the Plaintiff, Betty Humphrey, complied with the directive of Jill Sanden, Tim

Bearshires snatched the sheet of paper off of the conference room table and rushed

out of the room; that as the Plaintiff, Betty Humphrey, was leaving the room the

Plaintiff, Betty Humphrey, asked Jill Sanden, the Human Resource Director, why

was she being fired, and, Jill Sanden, the Human Resources Director, told the

Plaintiff, Betty Humphrey, that she was only doing what she was told to do; that

the Plaintiff, Betty Humphrey, walked out of the room, and, was told by Jill

Sanden, the Human Resources Director, to turn in her laptop, badge, and, keys;

that the Plaintiff, Betty Humphrey, went to her car and retrieved the merchandise

required to be returned; that the Plaintiff, Betty Humphrey, and, the Plaintiff's

supervisor, Judy Eubanks, walked out of the Human Resources Building together

where Judy Eubanks stated that she had nothing to do with the termination; that the

Plaintiff, Betty Humphrey, left Human Resources to go home, but later that same

day, the Plaintiff, Betty Humphrey, called  from her cell phone to the Human

Resources Office to speak to Jill Sanden later the day of the termination to ask for

a copy of her personnel file, and, was told by Jill Sanden that the Plaintiff, Betty

Humphrey, was no longer an employee of The Centers for Youth and Families and

that the Plaintiff, Betty Humphrey, could not have a copy of her  personnel file.

17.     That after thinking about what had happened to her over the next few months, the Plaintiff, Betty Humphrey, went to the Equal Employment Opportunity Commission ("EEOC") and filed a timely charge of race and age discrimination against the Defendant, Centers for Youth and Families, Incorporated. See Betty Humphrey's, Charge Number 493-2015-00637, filed on March 3, 2015, attached to this Complaint as Exhibit "A", and, said Charge is incorporated herein by reference as if set out word for word in this Complaint.

18.     That the Equal Employment Opportunity Commission issued to the Plaintiff, Betty Humphrey, a Dismissal and Notice of Right to Sue letter on October 26, 2015, which is attached to this Complaint as Exhibit "B", and, is incorporated herein by reference as if set out word for word in this Complaint.

## COUNT I

### VIOLATIONS OF THE CIVIL RIGHT ACT OF 1964, AS AMENDED, 42 U. S. C. SECTION 2000(e), et. seq. (TITLE VII)

### RACIAL DISCRIMINATION

19.     That the Plaintiff, Betty Humphrey, restates and incorporates herein by reference the preceding Paragraphs of her Complaint as if set forth in this Paragraph herein word for word.

20.     That the Defendant, Centers for Youth and Families, Incorporated, by and through its agents and employees; Doug Stadter, President and Chief Executive Officer (CEO) of Centers for Youth and Families and in his capacity as

President and Chief Executive Officer (CEO); and, Jill Sanden, Human Resources Director, in her capacity as Human Resources Director, have discriminated against the Plaintiff, Betty Humphrey, because of her race, African American, in that the Plaintiff was treated differently as compared to similarly situated white (Caucasian) employees who used illegal holds and allegedly illegal holds but were not terminated including, but not limited to, Rose Brand, a white female, and, Louis Whitfield, a white male, in violation of 42 U. S. C. Section 2000 (e), et. seq.

21.  That the reasons given by the Defendants for the Plaintiff's difference in treatment was a mere pretext for discrimination based upon the Plaintiff, Betty Humphrey's, race.

COUNT II

THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U. S. C.<br/>SECTION 621 THROUGH  SECTIONS 634, AS AMENDED

AGE DISCRIMINATION

22.    That the Plaintiff, Betty Humphrey, restates and incorporates herein by reference the preceding Paragraphs of her Complaint as if set forth in this Paragraph herein word for word.

23.    That the Defendants, Centers for Youth and Families, Incorporated, by and through its  employees and agents; Doug Stadter, President and Chief Executive Officer (CEO) of Centers for Youth and Families; Jill Sanden, Human Resources Director,  and other employees have discriminated against the Plaintiff,

Betty Humphrey, because of her age, (over the age of forty years of age), in that the Plaintiff was treated differently as compared to similarly situated employees under the age of forty (40) who used illegal holds and allegedly illegal holds but were not terminated including, but not limited to, Meredith Irby, under forty (40) years of age; Destiny Willis, under forty (40) years of age; Rose Brand, under forty (40) years of age; Darketa Thompson, under forty (40) years of age; Sheila Jones, under forty (40) years of age; Louis Whitfield, under forty (40) years of age; Durwin Baker, under forty (40) years of age; Ladetra Sim, under forty (40) years of age.

## COUNT III

### VIOLATIONS OF THE ARKANSAS CIVIL RIGHT ACT BASED ON RACE

24.     That the Plaintiff, Betty Humphrey, restates and incorporates herein by reference the preceding Paragraphs of her Complaint as if set forth in this Paragraph herein word for word.

25.     That the Defendants, Centers for Youth and Families, Incorporated, by and through its employees and agents; Doug Stadter, President and Chief Executive Officer (CEO) of Centers for Youth and Families; and, Jill Sanden, Human Resources Director,  have discriminated against the Plaintiff, Betty Humphrey, because of her race in that the Plaintiff was treated differently as

compared to similarly situated white, Caucasian, employees, who used illegal holds and allegedly illegal holds but were not terminated.

## DAMAGES

26.     That the Plaintiff, Betty Humphrey, restate and incorporates herein by reference as if set out word for word herein the preceding paragraphs of her Complaint.

27.     That the Plaintiff, Betty Humphrey, has suffered damages in an amount in excess of the minimal amount for Federal Diversity Jurisdiction for the following reasons:

a.      loss of employment; loss of employment compensation, benefits and promotional opportunities, past, present and reasonably certain to be suffered in the future;

b.      loss of reputation and self-esteem;

c.      mental anguish and emotional distress;

d.      compensatory, punitive, and other damages up to the limits allowed by law for violation of Title VII of the Civil Rights Act of 1964, as amended; The Age Discrimination in Employment Act of 1967, as amended, and the Arkansas Civil Rights Law.

28.     That the actions of Doug Stadter, President and Chief Executive Officer (CEO) of Centers for Youth and Families; and, Jill Sanden, Human

Resources Director, within the scope of their employment should be imputed to the

Defendant, Centers for Youth and Families, Incorporated

29.     That the Plaintiff, Betty Humphrey, demands a jury trial.

WHEREFORE, the Plaintiff, Betty Humphrey, prays that this Court grant

her the following relief against the Defendants, jointly and severally, that she be

granted a jury trial; that she be granted a Declaratory Judgment declaring that the

Defendants, jointly and/or severally, have violated the rights of the Plaintiff, Betty

Humphrey, as guaranteed by Title VII of the 1964 Civil Rights, as amended, 42 U.

S. C. Section 2000e, et. seq., based on race and age discrimination;  and, the

Arkansas Civil Rights, A. C. A. Section 16-123-101, et. seq.; that her employment

be reinstated with the Defendant, Center for Youth and Families, Inc.;  that she be

awarded loss of employment compensation; that she be awarded her back-pay; that

she be awarded benefits and promotional opportunities, past, present, and

reasonably certain to be missed in the future because of the actions of the

Defendants; that she receive payment for loss of reputation and self-esteem; that

she be awarded damages for mental anguish and emotional distress; that she be

awarded compensatory and punitive damages up to the limits allowed by law for

violation(s) of Title VII and the Arkansas Civil Rights Law; that she be awarded

costs, litigation expenses, and a reasonable attorney's fee; and, for all other just and proper relief that this Court may deem appropriate.


/s/ Simmons S. Smith

_____

Simmons S. Smith
Attorney at Law
State Bar No. 76119
2420 S. Broadway St.
Little Rock, AR 72206
(501) 375-3993


## CERTIFICATE OF SERVICE


I, Simmons S. Smith, do hereby state that a copy of the foregoing Plaintiff, Betty Humphrey's, Amended Complaint was filed electronically on _____, 2016, with the Clerk of the U. S. District Court for the Eastern District of Arkansas, Western Division, through the Court's CM/ECF filing system and was deposited in the U. S. Mail, with sufficient postage attached thereto, to assure Notice and delivery to Kutak Rock, LLP, ATTEN: James M. Gary, Attorney in Charge, One Union National Plaza, Suite 2000, 124 W. Capitol Avenue, Little Rock, AR 72201, and Betty Humphrey, this _____ day of _____, 2016.


/s/ Simmons S. Smith

_____

Simmons S. Smith